The CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY COMPANY et al., Plaintiffs,

v.

UNITED STATES of America and Interstate Commerce Commission et al., Defendants.

Civ. A. No. 5393.

United States District Court
S. D. Ohio, W. D.

Aug. 21, 1963.

———◆———

James G. Headley, Cincinnati, Ohio, John F. Donelan, William D. McLean, and James L. Tapley, Washington, D. C., James W. Hoeland and Elbert R. Leigh, Louisville, Ky., Thomas S. Calder, James W. Farrell, Jr., James O. Coates, and Dinsmore, Shohl, Barrett, Coates and Dupree, Cincinnati, Ohio, James W. Hoeland and Elbert R. Leigh, Louisville, Ky., for plaintiffs.

Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, Robert W. Ginnane, General Counsel, Interstate Commerce Commission, and I. K. Hay, Interstate Commerce Commission, Washington, D. C., Robert H. Marquis, Tennessee Valley Authority, Knoxville, Tenn., Philip J. Schneider, Waite, Schindel, Bayless and Schneider, Cincinnati, Ohio, John C. Lovett, Benton, Ky., Donald Macleay, Macleay, Lynch, Channing & Bernhard, Washington, D. C., Joe Starnes, Jr., City Atty., Guntersville, Ala., W. G. Burnette, Lynchburg, Va., Nuel D. Belnap, Chicago, Ill., Leonard D. Slutz, Robert F. Reckman, Cincinnati, Ohio, James D. Knudson, Washington, D. C., for defendants.

PECK, District Judge.

In this action seeking relief from an order of the Interstate Commerce Commission, a three-judge Court has been designated by the Chief Judge of this Circuit, and the panel so created will make ultimate disposition of the action on its merits. Pending such disposition, plaintiffs have filed a motion seeking to temporarily restrain the operation of the order of the Commission complained of, and two similar motions have been filed by intervening plaintiffs. These motions have been presented and submitted to the writer as the District Judge to whom the application has been made under the provisions of Title 28 U.S.C. § 2284(3) and it is to these motions that our attention is presently directed.

Two threshold contentions of the defendants and intervening defendants (hereinafter collectively referred to as the defendants) as to the applicable law have caused concern. The first is their claim that a temporary restraining order may not issue unless it is made to appear

"with reasonable probability" that plaintiffs will prevail when the case is submitted to the three-judge Court on its merits. This proposition has support in Acme Fast Freight v. United States, 135 F.Supp. 823 (D.Del.1955); North Carolina Natural Gas Corp. v. United States, 200 F.Supp. 740 (D.Del.1961); Briggs Manufacturing Company v. Crane Company, 185 F.Supp. 177 (E.D.Mich.1960), affirmed with approval, 280 F.2d 747 (6th Cir. 1960); and Sam Goldfarb Plymouth, Inc. v. Chrysler Corp., 214 F.Supp. 600 (E.D.Mich.1962). If under these cases relief cannot be granted unless plaintiffs have demonstrated the reasonable probability of their success on the merits, it would be necessary to summarily deny the motions because of the virtual impossibility of determining such "reasonable probabilities" prior to the effective date of the order sought to be stayed. The record before the Interstate Commerce Commission, we are told, consists of 15,-815 pages of testimony and 766 exhibits. Approximately 150 witnesses were called in 139 days of proceedings, and the Commission in its brief says that the record is "perhaps the most voluminous" ever made before it. In sharp contrast, we will have had a total of not more than four days to consider the entire matter, and while extensive affidavits and memoranda have been submitted and have been studied, we have had the benefit of hearing only three hours of oral argument. Manifestly, it is impossible for this Court to find that plaintiffs have a reasonable probability of success upon the review of a record not presently available, and which could not in any event be comprehensively studied within the three days remaining prior to the effective date of the order under scrutiny. While we are thus precluded from dealing intelligently in *probabilities*, the record before us makes a determination of *possibilities*

feasible, and in the circumstances here existing we deem it within the contemplation of the law and of the authorities cited to consider the granting of relief if it be shown that plaintiffs have a reasonable possibility of success on the merits. Such a reasonable possibility is here found to exist.

The second proposition contended for by the defendants which has been the source of preliminary concern is their argument that the granting of these motions would not preserve the proper status quo. It is their argument that the Southern Railway System does not seek to preserve the status quo which existed prior to the controversy but asks that it be accorded "a new and vastly different status which the Commission has found to be unlawful." That "new and vastly different status" resulted from a finding of the Commission's Division 2 and became effective May 11th, 1963. Division 2's finding, however, was held to be unlawful by the entire Commission by order requiring plaintiffs to cancel the tariff schedules which are the core of this litigation on or before August 26, 1963.* Thus the question is whether or not plaintiffs are entitled to have the status quo preserved which has endured since May 11, 1963. Defendants argue that the *status quo ante* is the last actual, peaceable, noncontested status which preceded the pending controversy. In support of this proposition defendants cite Sunbeam Corp. v. Economy Distributing Company, 131 F.Supp. 791 (E.D.Mich.1955), but the status quo therein sought to be preserved was one arising from contractual obligation, and the other cases cited may similarly be distinguished as not dealing with rate determinations. Indeed, except possibly where rates have been established by uncontested promulgations or consent orders, it is difficult to hy-

---

* In the briefs and in oral argument great attention is directed to whether or not significance should be attached to the determination made by Division 2. This determination appearing to have been preliminary in nature, we subscribe to the negative of that argument. However, we attach significance to the fact that upon full hearing, three members of the entire Commission (of 11) dissented, since this prima facie has a bearing on the reasonable possibility of plaintiffs' ultimate success in the present proceeding.

pothesize a rate case situation to which this rule of law would have application. In the present case it has not been shown that there has ever been "an actual, peaceable, noncontested status" so far as rates of the plaintiffs are concerned, and whether or not any such previous rates were noncontroversial does not appear. Thus it is concluded that if plaintiffs are entitled to relief, they are entitled to a maintenance pendente lite of the status quo existing, not at some moment in the past, but at the time of the filing of the complaint herein.

The balance of the legal arguments presented by the defendants, some of which are recognized as monumental if not insurmountable obstacles to the ultimate success of the plaintiffs, may be properly raised as a defense when the case is presented on the merits but are not felt to be presently available to the defendants. Beyond doubt, the three-judge Court will give full consideration to the doctrine of presumption of regularity, and will not substitute its opinion on questions of fact for determinations rightfully made by the Commission, and on the other hand will fully explore plaintiffs' charge of abuse of discretion on the part of the Commission and that it acted arbitrarily or capriciously. For the reasons hereinabove outlined, however, on the present state of the record it is impossible for meaningful evaluation to be here given these arguments.

Passing finally to a weighing of the equities, we are confronted by staggering claims made by large and responsible parties. Contained among the dozen plaintiffs are railroad companies, the Southern Governors Conference, the Southeastern Association of Railroad and Utilities Commissioners, and the United States Department of Agriculture. The seventeen defendants include the Interstate Commerce Commission, the Tennessee Valley Authority, a state commission and a municipal bureau, American Waterways Operators, barge lines and corporations engaged in business dependent upon the transportation of grain. Similarly, the individual deponents whose

affidavits have been filed and which constitute a part of the present record are knowledgeable men of obvious experience and stature in their fields, and the dire predictions of the consequences of here supporting either side are awesome.

While the contentions of none of the parties nor the statements of any of the affiants can be summarily discounted, it is felt after a complete comparison that a balancing of the equities and a consideration of the public interest require a determination that plaintiffs be granted the relief sought in the motions for a temporary restraining order. Such an order is filed contemporaneously herewith, and in addition to containing a specific finding based upon evidence submitted, the order contains identification by reference to such evidence, and finds that specified irreparable damage will result if the order is not granted.