FLORIDA EAST COAST RAILWAY COMPANY, a corporation, Florida East Coast Building, St. Augustine, Florida, Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

No. 64–64–Civ. J.

United States District Court
M. D. Florida,
Jacksonville Division.

April 8, 1964.

A. Alvis Layne, Washington, D. C., Frederick H. Kent, Ulmer, Murchison, Kent, Ashby & Ball, Jacksonville, Fla., for plaintiff Florida East Coast Railway Co.

W. Graham Claytor, Jr., William D. McLean, D. W. Markham, John K. Mallory, Jr., Washington, D. C., H. P. Osborne, Jr., Jacksonville, Fla., for intervening plaintiffs, Southern Railway Co., The Alabama Great Southern Railroad Co., The Cincinnati, New Orleans & Texas Pacific Railway Co., New Orleans and Northeastern Railroad Co., Georgia Southern and Florida Railway Co., Central of Georgia Railway Company and Savannah & Atlanta Railway Co.

William H. Adams III, Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., William G. Mahoney, Mulholland, Hickey & Lyman, Washington, D. C., for intervening plaintiff, Railway Labor Executives' Assn.

John S. Cox, Cox, Grissett & Webb, William H. Maness, Kurz, Toole, Maness & Martin, Prime F. Osborn, John W. Weldon, Phil C. Beverly, Jacksonville, Fla., Harold J. Gallagher, Walter H. Brown, Jr., New York City, Richard A. Hollander, Richmond, Va., for intervening defendants, Seaboard Air Line Railroad Co., Atlantic Coast Line Railroad Co. and The Atlantic Coast Line Co.

Edwin H. Burgess, Baltimore, Md., for intervening defendant, Mercantile-Safe Deposit and Trust Co.

Fritz Kahn, Washington, D. C., Gen. Counsel, I. C. C., Washington, D. C., for defendant, Interstate Commerce Commission.

Robert F. Kennedy, Atty. Gen., of the United States, Washington, D. C., I. Daniel Stewart, Jr., Anti-Trust Division, Dept. of Justice, Edward F. Boardman, U. S. Atty., Middle District of Fla., Jacksonville, Fla., for defendant, the United States.

SIMPSON, Chief Judge.

THIS CAUSE, came on to be heard on April 6, 1964, on plaintiff's motion, made pursuant to 28 U.S.C. § 2284(3), for an order restraining temporarily the operation and effective date of the orders of the Interstate Commerce Commission, served December 13, 1963, and March 4, 1964, in its Finance Docket 21215, Seaboard Air Line Railroad Company—Merger—Atlantic Coast Line Railroad Company, until such time as a district court of three judges may be assembled and convened, as required by law, to hear the motion for interlocutory injunction heretofore filed herein by plaintiff. Arguments also then were heard on the motion, filed during the progress of that hearing, by intervening defendants, Atlantic Coast Line Railroad Company and Seaboard Air Line Railroad Company, to require plaintiffs to post bond in an amount sufficient to indemnify those defendants against damages which might be incurred by them during the pendency of any temporary restraining order entered herein.

It appears to the Court, and the Court specifically finds that:

(a) Plaintiff, Florida East Coast Railway Company, filed in these proceedings concurrently with the filing of this motion, a motion for an interlocutory injunction to restrain the operation and effective date of the above orders of the Interstate Commerce Commission until final determination and disposition by this Court of the complaint filed herein by that plaintiff;

(b) Plaintiff submitted in evidence at said hearing its Exhibits 1, 2 and 3, Exhibit 1 being an Affidavit of T. C. Maurer, Vice President and Chief Freight and Passenger Traffic Officer of Florida East Coast Railway Company, and Exhibits 2 and 3 being, respectively, an income statement of Florida East Coast Railway Company for the year ended December 31, 1963, and a general balance sheet of that corporation as of December 31, 1963,

both sworn to by E. L. Masters, Comptroller of said corporation;

(c) Upon the completion of plaintiff's presentation of its case, counsel for intervening defendants, Atlantic Coast Line Railroad Company and Seaboard Air Line Railroad Company, announced to the Court that their clients did not oppose the entry of the temporary restraining order sought by plaintiff; these intervenors, however, at the time of such announcement, made it clear that their failure to oppose the granting of the temporary restraining order was coupled with the position that the Court should require substantial bond as an incident to the granting of such temporary restraining order, all as more fully set forth in their Motion that such bond be required and supporting memoranda filed at said hearing; counsel for defendant, United States of America, announced that that defendant favored the entry of the temporary restraining order sought; and counsel for the Interstate Commerce Commission announced that it did not oppose the entry of said order;

(d) Counsel for intervening plaintiff, Railroad Labor Executives' Association, thereupon urged the entry of the proposed restraining order, called the Court's attention to the allegations contained in paragraph 18 of its complaint, and stated that it had available in Court witnesses on whom it had intended to call in support of said Motion for a temporary restraining order had any opposition been offered to the entry thereof, who would show that the employees of Atlantic Coast Line Railroad Company, Seaboard Air Line Railroad Company and Florida East Coast Railway Company would suffer irreparable damage as alleged in its complaint if the proposed order was not granted. The evidence before the Court being deemed sufficient to support plaintiff's Motion, such witnesses were not called.

(e) The Motion of the Southern Railway System Companies (permitted to intervene as parties plaintiffs by numbered paragraph 5 of this order, page 7) supports the application for temporary restraining order of the original plaintiff, Florida East Coast Railway Company. The position taken by counsel for the defendant, United States of America, in support of the issuance of temporary restraining order, stated in open court, is also noted by the Court.

With respect to the Motion of the intervening defendants, the Atlantic Coast Line and the Seaboard, that the plaintiff be required to post a bond during the pendency of the temporary restraining order, the position of these intervenors is that the savings to be realized from the proposed merger are found by the Interstate Commerce Commission to be a minimum of twenty million dollars per year before taxes. This figure, reduced to a daily rate would result in savings per day of $54,795.00. It is asserted that the intervenors should be indemnified in this amount pending a decision by the three-judge court.

The plaintiff, all the other intervening railroads, and the intervenor, Railway Labor Executives' Association, all opposed the requirement of bond, either in the amount sought or in any amount other than a nominal figure to cover court costs. To my mind, ability and willingness to pay court costs is not involved here, and bond should either be required in a substantial amount or should not be required.

I have found no cases that are of help in deciding this question, nor have any been cited to me by counsel for any of the parties. Since the temporary restraining order is to be issued under the specific provisions of Title 28, § 2284(3) and § 2324, I do not consider Rule 65(c) of the Federal Rules of Civil Procedure to be applicable. I know that as the single District Judge in statutory three-judge Interstate Commerce Commission cases to whom an application for temporary restraining order has been presented on numerous occasions in the past (for instance, two recent cases in which the present intervenors, Coast Line and Seaboard were joint applicants, Nos. 4724–Civ–J and 4747–Civ–J), I have never required the posting of bond, nor has the

failure to require such bond as an incident to the issuance of the order ever been brought into question in the later course of the three-judge proceedings by any interested party.

It is my impression, from the lack of reported cases, that upon the requisite showing of irreparable damage, it has been the prevailing custom throughout the Federal judiciary to issue temporary restraining orders in statutory three-judge cases without requiring bond. The only case in which it was brought to my attention that one was required was in the Border Divisions Case, the final decision of which by a three-judge court is reported as Boston & Maine R. R., et al. v. United States, et al., D.C., 208 F.Supp. 661. In the cited case it appears from a copy of correspondence furnished by the intervenor, Coast Line, that the single District Judge, Judge Julian, informally indicated that bond would be required and a bond was then posted by stipulation. In any event, this case involved division of rates between connecting carriers, and the effect of the bond requirement simply was to impound the disputed revenues. The case is of no help in my problem.

■■ I conclude that the statutory scheme as embodied in the Interstate Commerce Act, the Administrative Procedure Act, and the three-judge court provisions of Title 28, Sections 2281–2284 and Sections 2321–2325 contemplates that in the course of orderly procedure there may be judicial review of Interstate Commerce Commission orders. After administrative procedures are final, judicial review is the next orderly step. At the present stage of these proceedings neither of the propositions (1) that the merger is lawful, nor (2) that if merger in this or modified form is finally allowed the expected savings will be realized therefrom, is established with such certainty and finality as to require indemnification for the delay occasioned by the final step in the statutory scheme, viz.: judicial review.

Moreover, it is clear from the plaintiff's Exhibits 1, 2 and 3 before me at this hearing, and from the unchallenged statements of counsel for plaintiff in open court, that no bond requirement of the nature proposed by the intervening defendants, or remotely approaching it, can be met. The result would be to permit the merger to proceed as ordered while its legality is litigated. If these plaintiffs ultimately prevail, the resulting chaos could never be restored to order, the injury to plaintiff and intervening plaintiffs could never be repaired. Such a result is difficult for me to reconcile with a statutory scheme which, as indicated above, would appear to envision that interested parties be entitled to seek orderly and *effective* judicial review of administrative orders.

If it was the intent of Congress that bond be required in statutory three-judge cases, Title 28 U.S.C. § 2324 and § 2284 (3) could very simply have had included with them a statute similar to Title 15 U.S.C. § 26 (Section 16 of the Clayton Act), providing that the execution of a bond for damages be required in private anti-trust suits. The absence of such a provision in the statutory three-judge procedure is persuasive that the posting of an indemnity bond should not be required here as an incident to the issuance of a temporary restraining order.

I conclude that the Motion of the intervening defendants, Atlantic Coast Line and the Seaboard, that bond be required should be denied.

Since these intervenors strenuously urge their position, however, the undersigned single Judge will, upon the filing of a motion to dissolve the temporary restraining order, undertake to set the same for hearing before the three-judge court upon short notice. If such motion is filed, and hearing set thereon, the plaintiff's Motion for Interlocutory Injunction will be set for hearing at the same time. If no such motion is filed, the temporary restraining order entered herein will remain in force and effect until final hearing.

Based upon the pleadings, the exhibits attached thereto, and the evidence submitted to the Court at such hearing, in-

cluding that outlined above, it specifically is found that the irreparable damage alleged by plaintiffs will result if the temporary restraining order prayed for is not granted.

Upon consideration of the foregoing,

IT IS ORDERED:

1. The plaintiff's Motion for temporary restraining order is granted.

2. The defendants, United States of America and Interstate Commerce Commission, and the intervening defendants, Seaboard Air Line Railroad Company and Atlantic Coast Line Railroad Company, their officers, agents, servants, employees and attorneys and all other persons affected by the orders of the Interstate Commerce Commission, served December 13, 1963 and March 4, 1964, in Finance Docket 21215, Seaboard Air Line Railroad Company—Merger—Atlantic Coast Line Railroad Company, are hereby temporarily restrained and enjoined from directly or indirectly placing said orders into effect or using the authority granted thereunder until the further order of this Court; specifically the effective date of said Interstate Commerce Commission orders, fixed by the March 4, 1964 order as April 10, 1964, is stayed pending the further order of this Court.

3. The Motion (filed April 6, 1964) of intervening defendants, Atlantic Coast Line Railroad Company and Seaboard Air Line Railroad Company, that plaintiff, or intervening plaintiffs, either or both, be required to post bond during the pendency of any temporary restraining order herein, is hereby denied.

4. The Motion for leave to intervene as plaintiff of Railway Labor Executives' Association is granted, and said intervenor is hereby made a party plaintiff to this action; the complaint attached to the Motion of the Railway Labor Executives' Association for leave to intervene is ordered filed, all to the end that Railway Labor Executives' Association may participate herein in the same manner and in like effect as if it were an original party plaintiff herein.

5. The Motion to intervene as plaintiffs of Southern Railway Company, The Alabama Great Southern Railroad Company, The Cincinnati, New Orleans and Texas Pacific Railway Company, New Orleans and Northeastern Railroad Company, Georgia Southern and Florida Railway Company, Carolina and Northwestern Railway Company, Central of Georgia Railway Company, and Savannah & Atlanta Railway Company, is granted, and said parties are added as parties plaintiff herein; the intervenors' complaint of said parties is ordered filed, all to the end that said parties may participate herein in the same manner and in like effect as if original plaintiffs.

All defendants having advised the Court that they will file answers in these proceedings on or before May 1, 1964, the time for filing briefs by the parties hereto is set as follows:

1. All plaintiffs shall have to and including June 1, 1964, in which to file briefs. Counsel for the United States of America has announced that the position which that defendant will take aligns it, in the opinion of this Court, with the plaintiffs. It therefore shall be given to and including that date in which to file its brief.

2. All defendants are given to and including July 1, 1964, in which to file briefs.

3. Any plaintiff wishing to file a reply brief shall file such brief on or before July 15, 1964.

4. Upon a precise date and time to be fixed by further order after consultation with the other members of the Court, it is expected that this action will be set for final hearing before the statutory three-judge court on or within a few days after July 15, 1964.