**CAMPBELL SIXTY–SIX EXPRESS, INC., Dixie Highway Express, Inc., Gordon's Transports, Inc., and T.I.M.E. Freight, Inc., Plaintiffs,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

and

**Roadway Express, Inc., Intervening Defendant.**

**Civ. No. 2190.**

United States District Court
W. D. Missouri, S. D.

Feb. 24, 1966.

W. C. Dannevik, Jr., Kansas City, Mo., for Campbell Sixty-Six Express, Inc.

R. J. Reynolds, Jr., R. J. Reynolds, III, of Reynolds & Reynolds, Atlanta, Ga., for Dixie Highway Express, Inc.

James W. Wrape, Robert E. Joyner, of Wrape & Hernly, Memphis, Tenn. (also Washington, D. C.), for Gordon's Transports, Inc.

Frank M. Garrison, W. D. Benson, Jr., Lubbock, Tex., for T. I. M. E. Freight, Inc.

Donald F. Turner, John H. D. Wigger, Dept. of Justice, Washington, D. C., F. Russell Millin, U. S. Atty., Western Dist. of Missouri, Bruce C. Houdek, Asst. U. S. Atty., Western Dist. of Missouri, Kansas City, Mo., for the United States.

Robert W. Ginnane, Gen. Counsel, Nahum Litt, Atty., I. C. C., Washington, D. C., for Interstate Commerce Commission.

Frank W. Taylor, Jr., of Reeder, Griffin & Dysart, Kansas City, Mo., Russell R. Sage, of Turney, Major, Markham & Sherfy, Washington, D. C., for intervening defendant, Roadway Express, Inc.

Before GIBSON, Circuit Judge, and COLLINSON and HUNTER, District Judges.

COLLINSON, District Judge.

The intervenor herein has filed a "Motion For Review of Denial of Bond." A brief résumé of the pleadings is needed to understand intervenor's motion.

This suit was brought by four truck lines, which are common carriers operating under authority granted them by the Interstate Commerce Commission, to enjoin, annul, suspend and set aside certain orders of the Interstate Commerce Commission. The particular orders sought to be reviewed granted authority to another truck line, Roadway Express, Inc., for an alternate route between Nashville, Tennessee and St. Louis, Missouri. From the various affidavits which have been filed it is apparent that this order would enable the intervenor to compete much more effectively on the handling of through freight between these points (and various other cities located between these points) with the plaintiffs in this case. It also appears from the pleadings that the original report of the Trial Examiner in this case denied the application and his findings were reversed by the Commission.

The original complaint requested a temporary restraining order restraining the effective date of the order which plaintiffs seek to have reviewed.

A show cause order was issued by the District Judge to whom this complaint was assigned and steps were taken for the designation of a three-judge court in accordance with §§ 2321 through 2325 Title 28 U.S.C. Roadway Express, Inc. was then granted permission to intervene as a defendant, and at a hearing on the show cause order a temporary restraining order was issued by the Court in accordance with the provisions of § 2284(3)

Title 28 U.S.C., which is the provision for the granting of a temporary restraining order in all three-judge district court actions.

At this hearing the intervenor requested that the Court fix a bond to be filed by the plaintiffs as a prerequisite to the issuance of the temporary restraining order under the provisions of Rule 65 Fed.R.Civ.P. However, this rule specifically does not apply to actions brought under § 2284 (see subsection [e]) relating to district courts of three judges.

Plaintiffs also call the Court's attention to the case of Florida East Coast Railway Company v. United States, D.C., 228 F.Supp. 340, in which the Chief Judge held:

"Since the temporary restraining order is to be issued under the specific provisions of Title 28 § 2284(3) and § 2324, I do not consider Rule 65(c) of the Federal Rules of Civil Procedure to be applicable."

This court then exercised its discretion and did not require a bond.

The intervenor has now filed this motion for review of denial of bond and filed suggestions in support thereof. In its suggestions intervenor attempts to distinguish the *Florida East Coast Railway Company* case principally on the ground that the bond requirement was several million dollars and plaintiff could not furnish such a bond. Of course, if the Rules of Civil Procedure require a bond, the size of the bond or the ability to make bond would have no effect on the application of the rule. However, the Chief Judge in that opinion did not base his decision on the reason advanced by intervenor, but simply used the language above quoted.

Intervenor also contends that since in the prayer of the complaint filed herein the plaintiffs request a temporary restraining order in accordance with § 2324 that they cannot rely in any way on § 2284, the section specifically exempted by Rule 65(e). However, the plaintiffs do specifically invoke § 2284 on the first page of their petition in their allegations

as to jurisdiction of this court. Section 2324 is in Ch. 157 Title 28 U.S.C.A., which pertains solely to enforcement and review of orders of the ICC, and empowers the court to restrain the operation of an order pending a final hearing and determination of the action. Section 2284 is in Ch. 155 of Title 28 U.S.C.A., which governs all injunctions by three-judge district courts; and this specific section provides the procedure for composing such a court "[i]n any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges." Of course, Ch. 157 in § 2325 requires a three-judge court organized under the provisions of § 2284 to hear and determine this action. This Court has found no cases and has been cited none in which §§ 2284 and 2324 have not been considered together in relation to the issuance of restraining orders and injunctions. The *Florida East Coast Railway Company* case is the only reported case cited by either party. Plaintiffs' counsel, however, has cited to the Court four unreported cases in four district courts of the United States in which counsel for the plaintiffs have been involved in which temporary restraining orders have been issued without bond. Counsel for intervenor has cited one unreported case in which a bond was required.

Intervenor argues that even if § 2284 applies, the Court is not limited in its discretion to require bond for the issuance of a temporary restraining order. Possibly this is true, and both parties have briefed the equities of their position in the suggestions filed with the Court, presumably appealing to this question of discretion.

Without going into details, it appears that the intervenor has acquired various permits which can be linked together and allow them to haul freight from St. Louis, Missouri to Atlanta, Georgia by a rather circuitous route. Intervenor then filed an application for authority for an alternate route which would allow it to haul through freight on a direct route between St. Louis and Atlanta, saving one-hundred twenty-three miles. This authority, if granted, would make the intervenor much more directly competitive with the plaintiffs herein on freight destined for Atlanta from St. Louis, and vice-versa. At the present time, apparently, from the affidavits filed herein, plaintiffs are able to give much faster service on such freight. The ICC granted this authority to intervenor, reversing the Trial Examiner's findings, and this is the order of which review is sought in this proceeding. According to the affidavit filed by intervenor's officers, intervenor can save $2,394.00 in each four-week period if allowed to operate under this authority. Affidavits have been filed by the officers of the plaintiffs, setting forth the large investment they have in their operations, the many times larger volume of freight they are now handling over this route than the intervenor, and stating that they will be irreparably harmed and damaged by loss of revenue, loss of employment for their employees, et cetera, unless a restraining order is issued until they can have their review of the Commission's order.

If a question of the exercise of discretion in requiring a bond is involved (and this Court is not convinced that it is under the provisions of § 2284), then this Court believes the equities are with the plaintiffs to have the order of the Commission temporarily restrained until they can secure a review of the propriety of the order by a court.

Certainly, in a matter of this nature, intervenors cannot claim such irreparable harm and damage from continuing the status quo, as plaintiffs can anticipate by having a new competitor seeking to take from the large volume of business they are now enjoying. This matter will be set for oral argument in the near future.

It is, therefore, ordered that the intervenor's motion for review of denial of bond be, and is hereby, overruled.