**TENNESSEE PUBLIC SERVICE COMMISSION et al.**

v.

**UNITED STATES of America et al.**

Civ. A. C-67-249.

United States District Court
W. D. Tennessee.

Oct. 11, 1967.

Eugene W. Ward, Nashville, Tenn., for Tennessee Public Service Commission.

James L. Bomar, Jr., Shelbyville, Tenn., Troy W. Tomlin, Somerville, Tenn., for Town of Somerville, Oakland, Whiteville, and Counties of Fayette and Hardeman, Tenn.

Patrick Johnson, Sr., and Arthur J. Shea, Memphis, Tenn., Baker & Raley, Washington, D. C., of counsel, for City of Memphis.

Manny H. Smith, Washington, D. C., Thomas L. Robinson, U. S. Atty., Memphis, Tenn., for Interstate Commerce Commission and United States of America.

James W. Hoeland, Louisville, Ky., David M. Keeble, Nashville, Tenn., John B. Mack, Memphis, Tenn., for Louisville & Nashville R. Co.

## OPINION AND ORDER

BAILEY BROWN, Chief Judge.

Plaintiffs, Tennessee Public Service Commission, City of Memphis, Towns of Somerville, Oakland and Whiteville, Tennessee, and Counties of Fayette and Hardeman, Tennessee, filed an action against the Interstate Commerce Commission and the United States of America on September 14, 1967, to obtain an injunction against and to have set aside a decision, certificate and order of the I. C. C. allowing the Louisville and Nashville Railroad Company to abandon 64.9 miles of one of its main lines of railroad between Jackson, Tennessee and Shell Plant, Tennessee, the latter being

about nine miles east of Memphis. In general, it is the proposition of the L. & N., accepted by the I. C. C., that it can adequately service this area on its "parallel" main line to the west of this line. Contemporaneously, plaintiffs moved for a temporary restraining order, which was granted *ex parte* that day without requiring a bond. The L. & N. has intervened as a party defendant, and has filed a motion to dissolve the restraining order, or, in the alternative, to require a bond. The I. C. C. and the Government have joined in the L. & N.'s motion. The parties have filed briefs and argument has been heard.

We will first deal with the motion to dissolve and then deal with the motion to require a bond.

## THE MOTION TO DISSOLVE

■ The defendants' first contention is that plaintiffs are guilty of improper delay amounting to laches in not filing this action until September 14. It appears that the order of the I.C.C. sought to be set aside, which adopted the order of the hearing examiner, was served on July 25, 1967, to be effective on August 14, and that thereafter the L. & N. filed tariffs, to be effective September 6, which omit rates for stations on the line involved and further that the L. & N. had made preparations to begin removal of the line. In response, plaintiffs point out: that on August 12, 1967, they filed with the I. C. C. a petition for reconsideration, which the I. C. C. rejected on the ground that under its Rules such a petition could not be entertained and that its order had become final; that such Rule was contained in a recent amendment of which plaintiffs were not aware; and that the order rejecting this petition was not served until August 25. Plaintiffs further point out that, since they are a state public service commission, two counties, and four municipalities, some time was required to obtain authority to file this action. Assuming, without deciding, that such laches would be a ground for dissolving the restraining order, we find that laches has not been shown.

■ Next, defendants contend that the restraining order should not have been issued without notice because the requirement of Rule 65(b), F.R.Civ.P., that applicant's attorney certify as to efforts to give notice and the reasons for not giving notice was not met. In response, plaintiffs rely on the provision in Rule 65(e) to the effect that: "These rules do not modify * * * Title 28, U.S.C., § 2284, relating to actions required by Act of Congress to be heard and determined by a district court of three judges"; they point out that they are proceeding under § 2284; and they point out that § 2284(3) provides: "In any such case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage." We conclude, first, that Rule 65(e) makes the aforesaid provision of Rule 65(b), requiring a showing of an excuse for failure to give notice, inapplicable to this action under § 2284. No reported case has been cited construing § 2284 with respect to the necessity for notice or an excuse for failure to give notice. We further conclude, however, that, since § 2284(3) authorizes this court to issue a temporary restraining order "at any time" and makes no requirement as to notice, no notice or excuse for lack of notice is required.

■ Next, defendants contend that the restraining order should be dissolved because plaintiffs have not shown the likelihood of their ultimately prevailing with the required degree of certainty. It should be pointed out at the outset that plaintiffs here, in attacking this order of the I. C. C., have a heavy laboring oar. (See, for example, Illinois Central Railroad Co. et al. v. Norfolk & Western Railway Co. et al., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966). and United States v. Pierce etc. Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1945)). With this burden, a plaintiff who is attacking an I. C. C. order would practically never be able to obtain a restraining order if, as defendants here

contend, it must be shown, on the front end, that plaintiff enjoys a high probability, or even a probability, of ultimate success. Moreover, if it is necessary in the instant case, in order to determine plaintiffs' prospects of ultimate success, that we examine the transcript of the record of the proceedings before the I. C. C., this would be a matter of considerable difficulty at this time, in view of the probable size of the record, even if it were now available, which it is not. It was such considerations as these that caused Judge Peck in Cincinnati etc. Railway Co. v. United States, 220 F. Supp. 46 (S.D.Ohio 1963) to hold, with which we agree, that it is sufficient if a "reasonable possibility" of success is shown. We find, from the entire present record, that such a possibility has been shown to exist.

Lastly, defendants contend that plaintiffs have not shown that they will be irreparably damaged if the restraining order is not maintained in effect and that, even if some such damage has been shown by plaintiffs, the L. & N. will suffer much greater damage if the restraining order is maintained in effect. As we conceive the law, once plaintiffs have shown that they will suffer irreparable damage by dissolution of the restraining order, a showing by the L. & N. that it will also suffer such damage, even in greater amount, if the order is not dissolved, would not be a proper basis for dissolution of the restraining order. Certainly § 2284(3) does not contemplate a balancing of the damages that the opposing parties will incur. Accordingly, we are only concerned, on this branch of the matter, with the question whether plaintiffs have shown irreparable damage.

It is conceded by defendants that, if the restraining order is dissolved, the L. & N. will forthwith proceed to remove the involved line.

It appears that the L. & N. is, pursuant to the tariffs recently filed, not furnishing service to and from points on the involved line, and therefore, argue defendants, this service will not be furnished even if the restraining order is maintained. (The I. C. C. is only concerned with abandonment of the line; so long as the L. & N. operates some trains over the line, there is no abandonment; thus our restraining order is not violated so long as the L. & N. operates some trains over the line, which it is doing.) To this argument, plaintiffs reply that the plaintiff Public Service Commission has, subsequent to the issuance of our restraining order, issued an order to show cause why this service should not be reinstated. The L. & N. rejoins that it will contest this effort to require it to do so. This Court cannot prognosticate the outcome of that controversy, and we believe that this question of irreparable damage to plaintiffs should be determined without reference to the question whether such service will soon be furnished on this line with our restraining order in effect. Moreover, if we dissolve our restraining order, the L. & N. will remove the track, and while it ultimately could be required to reinstall the track, the fact that the track had been removed might well give the L. & N. an additional argument if this matter were remanded to the I. C. C. for further consideration.

The affidavit attached to plaintiffs' motion for the temporary restraining order, in addition to verifying the allegation in the complaint to the effect that industries now located along this line would be harmed by its abandonment, also verifies that abandonment would seriously retard new industrial development in the area along the line. (These are contentions that appear to have been made before the I. C. C.) It further verifies that abandonment would deter an industrial concern, which is now considering locating in plaintiff Fayette County and which would receive and ship 90 carloads a week over this line, from locating there. We therefore conclude that plaintiffs have made a sufficient showing of irreparable damage.

Having determined that the restraining order should not be dissolved, we next consider defendants' alternative

contention that a bond should be required.

## THE MOTION TO REQUIRE A BOND

Defendants contend that, in any event, a bond should be required in the approximate amount of $352,000. The amount of the requested bond is based on the L. & N.'s estimates of the net cost of operation over the line to be abandoned, interest on investment in the line, and additional income tax that will be incurred if the line is abandoned next year rather than this year.

 Rule 65(c), F.R.C.P., of course, contemplates a bond before issuance of a restraining order, but even there it is within the sound discretion of the judge whether a bond will be required. Urbain v. Knapp Bros. Mfg. Co., 217 F.2d 810 (6th Cir. 1954). The primary contention of plaintiffs, however, is that Rule 65(c), by virtue of the above-quoted provision in Rule 65(e), simply does not apply to this proceeding under 28 U.S.C. § 2284. In Florida, etc. Ry. Co. v. United States, 228 F.Supp. 340 (D.C.Fla. 1964) and Campbell etc. Inc. v. United States, 253 F.Supp. 613 (W.D.Mo.1966) this was so held, and it was further held that a bond should not be required in a proceeding under § 2284. The I. C. C. has cited one unreported case from the District Court of the Western District of Kentucky which holds that, though Rule 65(c) is not applicable to a proceeding under § 2284, a bond may be required on general equity principles. The I. C. C. has also furnished us with copies of some orders in which a bond was required, but there is no showing whether the obligation to furnish a bond was contested.

The statutory scheme for judicial review of I. C. C. orders is by an action in the District Court to be heard by three judges; and it is contemplated that a temporary restraining order against enforcement of the I. C. C. order be issued by one judge under proper circumstances. It would be a heavy burden on the right to have effective judicial review if a bond were required; this would be particularly true in this category of litigation, since the stakes are frequently high and consequently the bond would of necessity be in a large amount. Finally, in the instant case, even though the L. & N. has indicated a willingness to accept an unsecured bond, to require a bond would no doubt bar the possibility of a restraining order, since plaintiffs would have to first agree on the amount of their respective obligations as between themselves and would also have to secure resolutions by the proper bodies to make the bond a binding obligation.

We therefore conclude that a bond should not be required in this action at this time.

It is, therefore, ordered that defendants' motion to dissolve the temporary restraining order is denied and it is further ordered that the alternative motion to require a bond is denied.