**G. B. C., INC., a Tennessee corporation, Plaintiff,**

**v.**

**The UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

**Civ. A. No. 2382.**

United States District Court
E. D. Tennessee,
Northeastern Division.

May 16, 1969.

Robert E. Joiner, Memphis, Tenn., S. J. Milligan, Greeneville, Tenn., for plaintiff.

John L. Bowers, U. S. Atty., Knoxville, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This Court has jurisdiction of the subject matter and of the parties, 28 U.S.C. §§ 1136, 2284, 2321–2325, and this is the proper venue for this proceeding, 28 U.S.C. § 1398.

The Court heard ex parte and considered on May 16, 1969 oral arguments of counsel for the plaintiff, which seeks an order of this Court to temporarily suspend the operation of certain orders of the defendant Interstate Commerce Commission, pending a hearing and determination of the issues herein by a district court of three judges, 28 U.S.C. § 2325. The primary consideration in the premises is whether the issuance of such stay is necessary to prevent irreparable damage to the plaintiff. 28 U.S.C. § 2284 (3).

The evidence presented on this issue is in the form of an affidavit of the plaintiff's president.[1] This evidence is of little probative force, being an expression of mere conclusions on the part of the affiant that his carrier will suffer a loss of traffic and revenue resulting from such loss, damage to its relations with its customers and employees, losses of time and money in its development and maintenance of such customer relations and in the training of its employees.

A second consideration is whether the plaintiff is likely to prevail in this proceeding. This is a nearly-impossible adjudication for the Court to make in a period of time which will provide any effective relief to the plaintiff, should the plaintiff be found eventually to be entitled to such. Two other district courts in this circuit have eroded this requirement to demand only a reasonable possibility of ultimate success. *Cincinnati, New Orleans & Texas Pac. Ry. Co. v. United States*,[2] D.C.Ohio (1963), 220 F.Supp. 46, 46–47, approved in Tennessee Public Service Commission v. United States, D.C.Tenn. (1967), 275 F.Supp. 87, 89–90 [3].

This Court believes that the more proper rule is that, it is not necessary to justify the issuance of a temporary restraining order that the plaintiff's right to a final decision, after a trial, be absolutely certain and wholly without doubt; that if the balance of hardships tips decidedly toward the plaintiff, it is ordinarily sufficient that the plaintiff has raised questions going to the merits which are so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus, for more deliberate investigation. This was the rule followed in Briggs Manufacturing Company v. Crane Co., D.C.Mich. (1960), 185 F.Supp. 177, 185 [7], citing Hamilton Watch Co. v. Benrus Watch Co., C.A. 2nd (1953), 206 F.2d 738, 740, and left undisturbed in a per curiam opinion in Crane Company v. Briggs Manufacturing Company, C.A.6th (1960), 280 F.2d 747, see esp. 749 [1].

The Court notices judicially that a carrier serving a particular market is apt to undergo a more rigorous hardship if confronted with new competi-

1. The Court pretermits the question of whether evidence in affidavit form is adequate to support a specific finding, based upon evidence submitted to this judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted. See 28 U.S.C. § 2284(3).

2. Opinion by Honorable John W. Peck, now a judge of the United States Court of Appeals for the Sixth Circuit.

tion than are carriers which are granted new authority in the same market. This is supported by the elements of damage and loss suggested by the conclusions of the plaintiff's president aforementioned. Further, the pleadings and appendices herein demonstrate that a division of the defendant Commission drew diametrically opposed conclusions herein on the basis of the same evidence, or substantially the same evidence, North American Van Lines, Inc. Ext.—Overall (1968), 750 M.C.C. 751, 753, upon which the examiner recommended a different result. Thus, this Court grants the stay on this showing of what has been described as "* * quantitative substantiality * * *." American Crystal Sugar Co. v. Cuban-American S. Co., D.C.N.Y. (1958), 143 F.Supp. 100, 102.

The stay will issue without security. Whatever harm the presently successful carriers may sustain as a result of this order is irrelevant to the security amount required by Rule 65(c), Federal Rules of Civil Procedure. Powelton Civic Home Own. Ass'n. v. Department of H. & U. Dev., D.C.Pa. (1968), 284 F.Supp. 809, 840 [27]; see also Urbain v. Knapp Brothers Manufacturing Company, C.A.6th (1954), 217 F.2d 810, 815–816 [4], certiorari denied (1955), 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260 and Florida East Coast Railway Company v. United States, D.C.Fla. (1964), 228 F.Supp. 340, 342–343.

It is, therefore, ordered, adjudged and decreed, that the orders of the Interstate Commerce Commission herein complained of which, but for the intervention of the restraint of this Court, may become effective in Docket Nos. MC 107012 (Sub-No. 61), MC 16682 (Sub-No. 68), and MC 115257 (Sub-No. 20), styled North American Van Lines Inc., Extension—Overall, Mural Transport, Inc., Extension—Overall, and Shamrock Van Lines, Inc., Extension—Overall, respectively, be restrained, and the effectiveness thereof be enjoined, in accordance with 28 U.S.C. § 2284, until further orders of this Court, or until the hearing and determination by the full Court.