William M. WHITE

v.

R. Gary CLARK, Tax Administrator.

No. 2001–550–M.P.

Supreme Court of Rhode Island.

June 2, 2003.

Linda E. Buffardi/Justin S. Holden, Providence, for Plaintiff.

Marcia McGair Ippolito/Bernard J. Lemos, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and SHEA, J. (Ret.).

## OPINION

SHEA, Justice (Ret.).

This case is before the Court pursuant to a petition for writ of certiorari. The petitioner, William M. White (White or petitioner) seeks review of a judgment in the District Court in which he sought *de novo* review of the tax administrator's determination of deficiency. The Division of Taxation assessed sales tax against income derived from the petitioner's business, "William White Legal Video Services." A revised deficiency determination was upheld in a hearing before the Department of Administration, and the tax administrator accepted the findings of fact and conclusions of law on the recommendation of the hearing officer. The petitioner sought *de novo* review of this matter before the District Court and requested an exemption from prepayment under G.L.1956 § 8-8-26 as a condition precedent to review. The petitioner's request for exemption was denied. White filed a petition for writ of certiorari review of the District Court's denial of the motion for exemption. For the following reasons, White's petition for certiorari is granted and the judgment of the District Court is quashed.

The petitioner's business is primarily the videotaping of legal depositions for presentation in court. After an audit, the Division of Taxation determined that petitioner failed to file sales and use tax returns. The auditor believed that petitioner was required to file because he was

selling tangible personal property subject to sales tax under the Rhode Island Sales and Use Tax Act. A deficiency determination of $31,787.97 was assessed and subsequently was revised to $30,910.08, including interest and penalties.

White disputed the assessment at an administrative hearing at which the hearing officer determined that White was not exempt from paying sales tax. Her recommended assessment, as revised, was approved in the tax administrator's final decision and order. The petitioner appealed that decision to the District Court for *de novo* review and moved for exemption from prepayment under § 8–8–26. Section 8–8–26 states, "[t]he court shall grant the motion if it determines both: (1) that the taxpayer has a reasonable probability of success on the merits; and (2) that the taxpayer is unable to prepay all taxes, interest, and penalties set forth in the assessment, deficiency, or otherwise." The parties stipulated that White was unable to prepay the assessed deficiency. Thus, at issue was whether White had a reasonable probability of success on the merits.

It is well settled that "[i]n all tax cases before the court, and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." Section 8–8–28.

■ The threshold for proving reasonable probability of success on the merits in the context of a motion for exemption from prepayment is less than the burden of proof required to reach a decision on the merits. The petitioner was required in District Court only to prove that he had a *prima facie* case warranting *de novo* review. As noted above, a preponderance of the evidence shall suffice to sustain this burden, and the District Court "need not

predict the eventual outcome on the merits with absolute assurance." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 16 (1st Cir.1996). Thus, "we will limit our inquiry to whether the [plaintiff has] shown at least a reasonable probability, rather than a certainty, of ultimate success on a final hearing." *Coolbeth v. Berberian,* 112 R.I. 558, 566, 313 A.2d 656, 660 (1974). We find that the District Court incorrectly determined that White had failed to meet his burden.

In his memoranda on record before the District Court, petitioner asserted that a videotaped recording of legal depositions should be treated no differently from other forms of court reporting, which are not taxed. He reasoned that a video deposition represents a technological progression from traditional methods of transcription that previously were limited to handwriting or stenographic machines. He argued that the transcript, diskette, or videotape is only incidental to the service provided.

White cited to *Statewide Multiple Listing Service, Inc. v. Norberg,* 120 R.I. 937, 392 A.2d 371 (1978), in which this Court adopted the "real object test" for ascertaining the tax consequences of sales that involve a mixture of tangible products and services. In that case, we stated that "where the real object of the transaction is the product of the service, it is a taxable transfer. Where the real object of the transaction is the service rendered and the transfer of personal property is merely incidental to the service the transaction is not taxable." *Id.* at 942, 392 A.2d at 374 (citing *Community Telecasting Service v. Johnson,* 220 A.2d 500 (Me.1966)); *see also New England Telephone and Telegraph Co. v. Clark,* 624 A.2d 298, 300–01 (R.I. 1993). White argued that video depositions are exempt from taxes under the "real object test" because the videotape merely is incidental to the service of re-

cording and preserving the deposition testimony.

The District Court judge ruled that White failed to meet his burden of proving reasonable probability of success on the merits. Applying the "real object test," the judge determined that the real objects of White's business were the videotapes used in court, "much as the real object of filming a wedding is the film copy though the photographer's service is needed to produce the same." He concluded that White's services merely were incidental to the final product. Thus, the District Court denied his motion for exemption from prepayment, and White petitioned this Court for review.

■■■ " 'A writ of certiorari brings up the record of the lower court for inspection and review on questions of law only. * * * Review is limited to the allegations of error which appear in the petition for the writ.' " *New England Telephone and Telegraph Co.,* 624 A.2d at 300. In his petition, White alleged that the District Court failed to limit its analysis to whether he had proven a "reasonable probability of success on the merits." White argues that the court instead summarily reached a conclusion on the merits without affording him a *de novo* review with full evidentiary hearings. White further argues that the court committed an error of law in deciding under the "real object test" that he is selling tangible personal property rather than delivering a nontaxable service.

Whether the provision of videotaped deposition testimony is subject to sales tax is an issue of first impression in Rhode Island. In this situation it would have been appropriate to grant White's interlocutory motion and to allow the issue to be determined *de novo* after full evidentiary hearings. We find that the District Court judge erred in denying petitioner's motion and summarily reaching a decision on the merits. The ruling prevented a trial at which a record would be created that would assist this Court in considering the novel question involved.

■■■ When, as here, the potential for injury is great because the taxpayer is unable to prepay the amounts in dispute, yet the legal question raised is novel and "fair ground for litigation," *Palmigiano v. Travisono,* 317 F.Supp. 776, 787 (D.R.I. 1970) (quoting *G.B.C., Inc. v. United States,* 302 F.Supp. 1283, 1284 (E.D.Tenn. 1969)), then the same standard that courts use to assess the likelihood of success on the merits in the context of requests for temporary restraining orders and preliminary injunctions should be applied to assessing the "reasonable probability of success on the merits" for exempting taxpayers from the prepayment requirement in *de novo* tax appeals under § 8-8-26:

> " '[I]f the balance of hardships tips decidedly toward the [taxpayer] it is ordinarily sufficient that the [taxpayer] has raised questions going to the merits which are so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus, for more deliberate investigation.' " *Palmigiano,* 317 F.Supp. at 787; *see also McDonough v. Widnall,* 891 F.Supp. 1439, 1447 (D.Colo.1995).

For the foregoing reasons, White's petition for certiorari is granted, and the judgment of the District Court is quashed. The papers of this case are remanded to that court with our decision endorsed therein.

Justice FLAHERTY did not participate.