The **WILDERNESS SOCIETY**, Friends of the Earth, and Environmental Defense Fund, Inc., Plaintiffs,

v.

Walter J. **HICKEL**, Secretary of the Interior, Washington, D. C., Defendant.

Civ. A. No. 928–70.

United States District Court, District of Columbia.

April 28, 1970.

James W. Moorman, Charles R. Halpern, Victor H. Kramer, Washington, D. C., for plaintiffs.

Herbert Pittle, Department of Justice, Washington, D. C., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

HART, District Judge.

I. FINDINGS OF FACT

1. Amerada Hess Corporation; Atlantic Pipe Line Company, a subsidiary of Atlantic Richfield Company; B. P. Pipe Line Company, a subsidiary of B. P. Alaska, Inc.; Home Pipe Line Company, a subsidiary of Home Oil Company of Canada; Humble Pipe Line Company, a subsidiary of Humble Oil and Refining Co.; Mobil Pipe Line Company, a subsidiary of Mobil Oil Co.; Phillips Petroleum Co.; and Union Oil Company of California; (also collectively known as the Trans Alaska Pipe Line System (TAPS) and referred to thereinafter as "the Companies") have applied to Defendant for certain permits involving public lands of the United States under the jurisdiction of Defendant.

2. The Companies have applied for the following permits:

   a. An oil pipe line right-of-way 54 feet in width extending from Valdez on the Pacific South Coast of Alaska to Prudhoe Bay on the Arctic North Coast, a distance of approximately 800 miles;

   b. A special land-use permit for an additional access and construction space extending 11 feet on one side and 35 feet on the opposite side of said oil pipe line right-of-way;

   c. A special land-use permit for an area 200 feet in width extending from the Yukon River to Prudhoe Bay for a construction surface and haul road.

3. For the purpose of constructing the pipe line and the haul road, in excess of 12 million cubic yards of gravel will be needed from the public lands administered by Defendant from various sites near the route.

4. Defendant is ready to issue a permit for the construction surface and haul road referred to in paragraph 2(c) hereof and to authorize the sale of gravel from the public lands for the construction thereof.

5. Plaintiffs are three conservation organizations. Plaintiff, The Wilderness Society is a nonprofit corporation incorporated under the laws of the District of Columbia, was organized in 1935 and claims a membership of approxi-

mately 60,000 persons. Plaintiff, Friends of the Earth is a nonprofit corporation organized under the laws of the State of New York. Plaintiff Environmental Defense Fund, Inc. is a nonprofit corporation organized under the laws of the State of New York.

6. Plaintiffs have submitted affidavits to the Court in support of their motion for a preliminary injunction, and Defendant has submitted affidavits in opposition thereto.

7. Attorneys for Plaintiffs and Defendant presented argument on Plaintiffs' motion for preliminary injunction on April 13, 1970.

8. Defendant has at all times treated the application of the Companies for the construction surface and haul road as separate and distinct from the other applications. Defendant has not yet met all of the procedural requirements of the National Environmetal Policy Act with respect to the application for the oil pipe line right-of-way or the application for adjacent temporary access space.

## II.   CONCLUSIONS OF LAW

1. The Court has jurisdiction over the subject matter of the complaint and the parties hereto.

2. Plaintiffs have standing to maintain this action.

3. For the purpose of this preliminary injunction, it appears that the three aforementioned applications are, in effect, a single application for a pipe line right-of-way.

4. It appears that Defendant has not fully complied with the requirements of the National Environmetal Policy Act of 1969 with respect to said application, when considered together.

5. It appears that said applications, when considered together, request a pipe line right-of-way in excess of the width permissible under Section 28 of the Mineral Leasing Act of 1920, 30 U.S. C. § 185.

6. If a preliminary injunction does not issue, it would appear that Plaintiffs will suffer irreparable injury.

7. Based upon the foregoing, a preliminary injunction against Defendant should issue.