**ENVIRONMENTAL DEFENSE FUND,
INC., et al., Plaintiffs,**

v.

**CORPS OF ENGINEERS OF the UNITED STATES ARMY et al., Defendants.**

**Civ. A. No. 1395–71.**

United States District Court,
District of Columbia,
Civil Division.

Sept. 21, 1971.

Richard S. Arnold, Texarkana, Ark., Jon T. Brown, Washington, D. C., for plaintiffs.

Irwin Goldbloom, Dept. of Justice, Washington, D. C., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

This cause having come on for hearing on plaintiffs' Motion for Preliminary Injunction on September 15 and 16, 1971, and upon consideration of the motion, defendants' opposition thereto, evidence adduced at the hearing and arguments of counsel, the Court, in accordance with Rules 52 and 65 of the Federal Rules of Civil Procedure, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiffs are the Environmental Defense Fund, Inc.; the Committee for Leaving the Environment of America Natural; and John D. Williams, a resident of Mississippi who desires to continue to derive benefits from the Tombigbee River as it exists in its natural state.

2. Defendants are the Corps of Engineers of the United States Army, an agency of the United States; the Chief of Engineers; and the Secretary of the Army.

3. The Corps of Engineers of the United States Army is responsible for the design, planning and construction of a public works project known as the Tennessee-Tombigbee Waterway.

4. The Act of July 24, 1946 entitled "An Act Authorizing the construction, repair, and preservation of certain public works on rivers and harbors, and for Other Purposes," (Rivers and Harbors —Public Works Act), 60 Stat. 634 (1946), authorized the Corps of Engineers of the United States Army to construct a waterway connecting the north-flowing Tennessee River with the south-flowing Tombigbee River, so as to provide a continuous barge waterway between the upper Mississippi and Ohio valleys and Mobile, Alabama, on the Gulf of Mexico.

5. The general design of the Tennessee-Tombigbee Waterway project, as authorized by Congress and as revised in Design Memorandum No. 1, General Design, was approved by the Chief of Engineers of the United States Army on April 12, 1962.

6. The Tennessee-Tombigbee Waterway project, as set forth in Design Memorandum No. 1, General Design, and as presently proposed, extends from Demopolis, Alabama, upstream via the Tombigbee River, the East Fork of the Tombigbee, Mackeys Creek, through a deep cut, 27 miles in length, to be made through the presently-existing natural divide between the Tennessee and Tombigbee systems, into Yellow Creek and via Yellow Creek to mile 215 on the sailing line of the Tennessee River in Pickwick Pool near the common boundary of Alabama, Mississippi, and Tennessee. The overall length of the project from Demopolis to the Tennessee River is 253 miles and the overall difference in elevation is 341 feet, to be overcome by ten locks.

7. The project will convert the presently free-flowing Upper Tombigbee to a channelized, slack-water system, through impoundments, and will result in approximately 40,000 acres of water surface.

8. Actual construction of the Tennessee-Tombigbee Waterway has not yet begun. However, defendants are actively preparing to award contracts for the Gainesville lock and approach canal portion of the project, with construction on this initial phase due to begin during October, 1971.

9. A document entitled "Environmental Statement, Tennessee-Tombigbee Waterway, Alabama and Mississippi Navigation," dated March, 1971, was prepared by the United States Army Engineer District, Mobile, Alabama, and filed with the Council on Environmental Quality on April 20, 1971 and is the final "impact statement" for the project.

10. The General Plan and Profile, which illustrates the waterway route and locations of locks, dams and navigational pools, set forth in the Environmental Statement dated March, 1971, is the same as the General Plan and Profile set forth in Design Memorandum No. 1, General Design, which was approved by the Chief of Engineers of the United States Army on April 12, 1962.

11. On April 20, 1971, the Corps of Engineers of the United States Army was conducting or proposing extensive studies to determine the environmental effects of the Tennessee-Tombigbee Waterway project and did plan to continue such studies during the nine-year period required for construction.

12. The Environmental Statement, dated March, 1971, indicates that subsequent study will consist of a detailed evaluation of the environmental impacts identified.

13. The contracts to be awarded in October, 1971, for the Gainesville lock and approach canal portion of the project will involve clearing and grubbing, construction of a cofferdike, excavation, foundation preparation and fill, concrete work and lock equipment installation and will irreparably alter the environment in its natural state.

14. Plaintiffs would suffer irreparable injury for which there is no adequate remedy at law by the award of contracts and the commencement of construction of the Gainesville lock and approach canal portion of the project at this time.

· CONCLUSIONS OF LAW

1. Planning, development and construction of the Tennessee-Tombigbee Waterway is a major federal action significantly affecting the quality of the human environment.

2. Plaintiffs have made a substantial showing of a likelihood that in the planning, design and development of, and in making the decision to construct the Tennessee-Tombigbee Waterway, defend-
ants have not fully complied with the requirements of the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321, et seq., and the Fish and Wildlife Coordination Act of 1934, as amended, 16 U.S.C. §§ 661, et seq.

3. If a preliminary injunction does not issue, plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

Accordingly, it is this 21st day of September, 1971,

Ordered, that the defendants, their agents, officers, servants, employees and attorneys, and any person in active concert or participation with them, be and they hereby are enjoined and restrained, pending the final disposition of this suit, from initiating or continuing in any way with the construction of the Tennessee-Tombigbee Waterway project, and it is further

Ordered that plaintiffs file a bond for the payment of costs and damages as may be suffered by any party who is found to have been wrongfully or unlawfully restrained herein, in the amount of, or security equivalent to, One ($1.-00) Dollar.