**FRIENDS OF THE EARTH, INC., et al., Plaintiffs-Appellants,**

v.

**Claude S. BRINEGAR et al., Defendants-Appellees.**

No. 74–3490.

United States Court of Appeals, Ninth Circuit.

March 17, 1975.

William P. Hoffman, Jr., Ferguson, Hoffman, Henn & Mandel, San Francisco, Cal., for plaintiffs-appellants.

Thomas M. O'Connor, City Atty., William F. Bourne, Utilities General Counsel, Jerome Cohen, David I. Kroopnick, Deputy City Attys., for defendants-appellees City and County of San Francisco.

John D. Leshy, Palo Alto, Cal., Natural Resources Defense Counsel, amicus curiae.

Darrell P. McCrory, Montellone & McCrory, Los Angeles, Cal., for Stockton Steel Fabricators, amicus curiae.

PUBLISHED ORDER

Before KOELSCH, BROWNING and WALLACE, Circuit Judges.

Appellants are a non-profit environmental organization and thirteen individuals who live near the San Francisco International Airport. They seek to compel preparation of an environmental impact statement for the airport's expansion program, contending that such a statement is required by the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 et seq. Specifically, appellants seek to enjoin certain federal officials from committing any more funds to the airport's expansion program and the City of San Francisco from further constructing a parking garage and a new terminal until an impact statement is prepared. The district court issued a preliminary injunction against the federal officials but declined to enjoin construction of the new terminal and garage, concluding that these projects were not part of the overall expansion program and would not have a substantial environmental impact.

Appellants appealed from the denial of a preliminary injunction against the city. On January 22, 1975, we granted appellants' motion for an injunction pending appeal. However, we remanded the case to the district court to determine whether appellants should be required to post bond or provide indemnity as a condition of the injunction and, if so, to fix the amounts and terms. The injunction pending appeal was to take effect only after the district court made that determination and appellants complied with any bond or indemnity requirements imposed.

On remand, the district court determined that a $4,500,000 bond was required to protect the City of San Francisco against losses in the form of increased construction costs due to inflation, lost rental income and temporary construction that might be necessary be-

cause of the delay. Appellants now move for an order reducing the bond and we grant the motion.

Appellants assert that environmental interest groups and individual plaintiffs usually have limited resources. They contend that if public interest groups and citizens are required to post substantial bonds in NEPA cases in order to secure preliminary injunctions or injunctions pending appeal, plaintiffs in many NEPA cases would be precluded from effective and meaningful appellate review. More importantly, they argue, such bonds would seriously undermine the mechanisms in NEPA for private enforcement. *Cf.* Natural Resources Defense Council, Inc. v. Morton, 337 F.Supp. 167, 168–69 (D.D.C. 1971).

We recognize that in NEPA, Congress sacrificed some efficiency and economy in order to further a strong policy of environmental protection. However, we need not reach the question of whether no more than a nominal bond may be required in any NEPA case in which environmental groups or individuals procure an injunction pending appeal. Here, we are impressed that another panel of this court has already granted an injunction and thus implicitly concluded that appellants have a likelihood of success. Balancing the conflicting interests, we are persuaded that a $4,500,-000 bond is unreasonable. A bond in the amount of $1,000 is reasonable and we order that such bond be imposed. All other terms of the bonds set by the district court will remain in effect.

True, in pending appeals in People of the State of California v. Tahoe Regional Planning Agency we adopted a district court's order requiring an appeal bond of $3,500,000. However, these are not NEPA cases. Moreover, there, the State of California, which has ample resources to post bond, obtained an interlocutory injunction against construction by private developers. Here, the situation is materially different: a private organiza-tion and citizens, with limited resources, obtained an interlocutory injunction against construction by a governmental entity.