[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 677 
OPINION
All petitioners here are also joint petitioners in the one action in the superior court. They ask this court to issue a writ of mandate to require the superior court to vacate the requirement that *Page 678 
petitioners file a bond in the sum of $50,000 as a condition of the stay order issued by the superior court pending its final decision. After hearing oral argument, we granted the petition by our decision filed April 22, 1977. Real parties in interest Solar Systems, Inc., Alex Mlikotin, Bonafacio Bravo and Ronald (sued as Robert) Robinson filed petition for rehearing. We granted a rehearing.
In our decision filed April 22, 1977, we treated the action brought in the trial court as one brought under and exclusively governed by Public Resources Code section 27425 (now § 30803).[1] Such narrow treatment and decision based thereon was in error for the reasons we set forth below.
The issues before us are (1) whether a trial court can require the posting of a bond or undertaking to protect third party rights against potential damages, as part of a temporary stay order issued in an action brought pursuant to Code of Civil
Procedure section 1094.5 and Public Resources Code section 27424 (since repealed by statute and substantially reenacted as Pub. Resources Code, § 30801);[2] and, if so, (2) whether a court must as a matter of law waive the posting of such stay bond or undertaking when one of the parties moving for the stay order is an indigent.
Pursuant to the California Coastal Zone Conservation Act of 1972, Public Resourcess Code section 27000 et seq. (hereinafter Coastal Act of 1972), the South Coast Regional Commission issued in October and November 1976 several permits with conditions to various individual citizens for the construction of single-unit dwellings in the Venice area of the City of Los Angeles. Appeals on the issuance of these permits were filed by petitioners with the State of California Coastal Zone Conservation Commission. The state commission found no substantial issue as to these appeals and therefore declined to hear the appeals on these permits. Petitioners then sought review in the superior court by petition for writ of mandamus under Code of Civil Procedure section1094.5 Petitioners are residents of the Venice Canals area. The real parties in interest both here and in the trial court are the permit holders seeking to build individual houses in the Venice Canals area. *Page 679 
After considering petitioners' requests for a stay order and the declarations and statements of real parties in interest, respondent court issued a stay order on the condition that petitioners post a bond. The purpose as explained by the trial court was to protect the rights of innocent third parties who had properly sought permits, and who thereafter proceeded in good faith to develop and start construction and who might be damaged by the stay if it should later prove that petitioners were not entitled to the stay stopping the construction work.
Petitioners brought action specifically under the Code of Civil Procedure section 1094.5 and Public Resources Code section 27424 to review the granting of various permits to build single family dwellings. Petitioners sought a stay order under Code of Civil Procedure section 1094.5, subdivision (f). Petitioners have attempted to divert the attention of this court away from that fact by claiming that their petition was brought under the provision of Public Resources Code section 27425 The record belies that claim. The petition in the trial court was expressly entitled "Petition for Writ of Mandamus." The petition specifically noted "(CCP § 1094.5)" as the basis and authority upon which the petition was filed and upon which the relief was requested.
Code of Civil Procedure section 1094.5, subdivision (f) does not require the petitioner to file a bond or undertaking as a condition of obtaining a stay order. (1) However, although that section provides that the court "may stay the operation of the administrative order" the section cannot be considered to provide an absolute right to an unconditional stay. The law is to the contrary. The inherent power of the trial court to exercise reasonable control over litigation before it, as well as the inherent and equitable power to achieve justice and prevent misuse of processes lawfully issued is well established (Bloniarz v. Roloson, 70 Cal.2d 143, 148 [74 Cal.Rptr. 285,449 P.2d 221]; Hays v. Superior Court, 16 Cal.2d 260, 264 [105 P.2d 975]; Code Civ. Proc., § 128, subd. 8; Cal. Administrative Mandamus (Cont.Ed.Bar 1977) § 10.14); the court may make discretionary orders with reasonable conditions; and even make subsequent limitations and modifications of prior orders in order to achieve justice (Morton v. Superior Court,119 Cal.App.2d 665 [260 P.2d 215]); and may waive statutory requirements under appropriate circumstances (Biasca v.Superior Court, 194 Cal. 366 [228 P.2d 861]). Litigants who seek immediate restraint of conduct or other injunctive relief or partial relief in their favor pending a complete trial are often required to post some security as evidenced by many statutory *Page 680 
provisions requiring posting of undertakings in the several provisional remedies statutes. (E.g., Code Civ. Proc., §§ 515.010, 529, 489.210, 566. See discussion generally, 2 Witkin, Cal. Procedure, Provisional Remedies, §§ 1, 2, 26, 86, 95, 151, 152, 251; at pp. 1465, 1482, 1522, 1529, 1569, and 1639, respectively.) Similar inherent power has been recognized as available to the court to prevent unfair results, although the relevant statute itself contains no provision for such limitation. "`[T]he inherent power of all courts to control andprevent abuses in the use of their process.' . . . does not depend upon constitutional or legislative grant but is inherently `necessary to the orderly and efficient exercise of jurisdiction.' [Citations omitted.]" (Italics in original; ArcInvestment Co. v. Tiffith, 164 Cal.App.2d Supp. 853, 856 [330 P.2d 305]; 1 Witkin, Cal. Procedure, § 116, p. 385 et seq.)
In the present case the trial court indicated valid reasons based on the facts before it why the posting of a bond was fair and reasonable. The real parties in interest made investments and proceeded in good faith and relied on permits issued after complying with the requirements and satisfying the regional and state coastal commissions that the construction being pursued was proper. Many of the real parties in interest are individual lot owners who wish to build homes on their lots. In addition we see from the record that some owners have houses standing partially completed. These houses are exposed to serious damage from the elements. The owners are subjected to damages occasioned by delay in completion combined with fast-rising costs of construction.
(2) Nothing in section 27424 of the 1972 Coastal Act, or in its new re-enactment section 30801 of the 1976 Coastal Act expressly prohibits the trial court from requiring the posting of a stay bond in a mandamus action. Public Resources Code section 27424 stated as follows: "Any person, including an applicant for a permit, aggrieved by the decision or action of the commission or regional commission shall have a right to judicial review of such decision or action by filing a petition for a writ ofmandate in accordance with the provisions of Chapter 2, (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, within 60 days after such decision or action has become final." (Italics added.) Similarly, Public Resources Code section 30801 of the 1976 Coastal Act now states in part as follows: "Any aggrieved person shall have a right to judicial review of any decision or action of the commission or a regional commission by filing a petition for a writ of mandate in accordance with the provisions of Section 1094.5 of the Code *Page 681 
of Civil Procedure, within 60 days after such decision or action has become final." (Italics added.)
The purpose of the lawsuit was to review the administrative actions of both the regional and state coastal commissions concerning the permits issued by the regional commission to build 24 individual houses. This is not an action for declaratory or equitable relief to restrain a violation of the Coastal Act under former section 27425 It is not an action to compel the regional or state commission to perform a specific act required by law. Petitioners are seeking to have the trial court review administrative actions with respect to the commission's alleged abuse of discretion.
It is important at this point to bear in mind a key difference between (1) an action to restrain threatened violation of the act, and (2) an action for judicial review of permits issued pursuant to the act. In the first type of action, (1) above, it is incumbent upon plaintiffs promptly to produce proof to support their charges. In the second, (2) above, plaintiffs can stall proceedings indefinitely until a record is produced from the administrative body which issued the permit. This distinction justifies the requirement of a bond in the second type of case while not requiring it in the first. In instances where no bond is required, such as in temporary restraining orders (Code Civ. Proc., § 527), very short periods of time are involved (15 days). On the other hand where judicial review of an administrative proceeding and record is concerned, months are the usual periods of time. At bench the action was filed in January 1977 but had not produced a hearing on the merits or a record by July 1977. Moreover at bench the plaintiffs did not request an administrative record until the 55th day of the 60 days allowed therefor after the permit issuance became final. That fact illustrates not only that unfair delay can occur but also that it did occur in the present case.
Public Resources Code section 27425, in contrast to section 27424, concerned actions brought to restrain violations of the Coastal Act, rather than actions seeking judicial review of the coastal or regional commissions' decisions. That section specifically stated: "Any person may maintain an action for declaratory and equitable relief to restrain violation of this division. No bond shall be required for an action under thissection." (Italics added.) Similarly, present section 30803 of the 1976 Coastal Act states: "Any person may maintain an action for declaratory and equitable relief to restrain any violation of this division. On a prima facie showing of a violation of this division, preliminary equitable relief *Page 682 
shall be issued to restrain any further violation of this division. No bond shall be required for an action under thissection." (Italics added.)
A new provision in the 1976 Coastal Act, section 30804, provides for an action to enforce specific duties imposed upon the state coastal commission and any regional commission. It, too, specifically states that no bond shall be required for an action under that specific section.
Thus, neither the 1972 Coastal Act nor the 1976 Coastal Act prohibit any court from requiring the posting of a bond as a condition of a stay or for any action brought to review, pursuant to either section 27424 of the 1972 Act or section30801 of the 1976 Act. Both acts prohibit the requirement of a bond only in actions brought to restrain violations of the Coastal Act or to enforce affirmative duties.
In our view, the foregoing discussion of the distinction between the two separate sections 27424 and 27425 is fortified by the fact that if the Legislature had intended to limit the authority of the superior court by prohibiting the imposition of a bond on the issuing of a stay order in any and all cases relating to matters affected by or coming within the purview of the California Coastal Act (both old and new) the Legislature easily could have and would have done so by including the same express clear prohibitive language in section 27424 as it did in section 27425 The specific presence of the prohibition in section 27425 of the old act and its continued presence in section 30803 of the new act with the absence of the prohibition in old section 27424 and new section 30801, evidences an intent that under both the old and new act there should be no such impingement upon the authority of the superior court to require a stay bond, when in its discretion justice requires it. That this was not a mere legislative oversight is evidenced by the fact that the Legislature reconsidered and repealed the old statutes yet refrained from adding the prohibition of a bond requirement in section 30801 of the 1976 act.
In the present case, the granting of the stay order was intended to maintain the status quo at the time the permits were granted and to protect the environment. Requiring the posting of a stay bond serves the purpose of protecting the rights of innocent third parties. The courts in several federal cases balanced these conflicting interests and, like the trial court here, required the posting of a stay bond. (See, for example,Natural Resources Defense Council, Inc. v. Grant (E.D.N.C. 1972) 341 F. Supp. 356, 370 ($75,000 bond required); AnacondaCompany v. *Page 683 Ruckelshaus (D.Colo. 1972) 352 F. Supp. 697, 714 ($30,000 bond required), revd. on other grounds (10th Cir. 1973) 482 F.2d 1301;Friends of the Earth, Inc. v. Brinegar (9th Cir. 1975)518 F.2d 322, 323 ($1,000 bond required in NEPA case).)
Without the posting of a bond, the stay order would be contrary to ordinary sense of fair play. The real parties in interest spent considerable time and money in order to go through the required process of obtaining coastal commission approval. This was done properly and in good faith. They complied with the law. This is not a situation in which property owners ignored the mandate of the law or claimed exclusion from the law, as the court held in No Oil, Inc. v. Occidental Petroleum Corp.,50 Cal.App.3d 8 [123 Cal.Rptr. 589]. They are not faced with further delays and expense in connection with the within action challenging the permits which they duly sought. Without the requirement of a bond, which is imposed in virtually all similar situations, real parties stand to be greatly damaged and would be totally without recourse for compensation for their damages.
 INDIGENCY OF ONE PARTY AS AN EXCUSE TO WAIVE THE BOND PROVISIONS (3) In consolidated matter No. 2d Civil 50479 before us petitioner Pearl made a separate application to this court for writ of mandamus. He thus attempts to disassociate himself from his copetitioners. This attempt avails him nothing. All petitioners including Pearl were joint petitioners in the one petition filed in the single case against all respondents and all real parties in interest in the trial court case No. 188098. Nonetheless, Pearl attempts to attack the bond condition of the stay order on the basis that he as an individual is indigent. On February 2, 1977, petitioner Pearl applied to respondent court to waive the posting of the stay bond. A hearing on the application was held at that time. The evidence from this hearing established at most that Pearl is presently unemployed and that he presently has no debts or assets. Petitioner Pearl has not contacted any bonding company, relatives or friends for assistance in posting a bond in this matter. He has not contacted copetitioners Timmins or the Venice Canals Resident Homeowners Association or any members of the Venice Town Council to determine how the costs shall be borne among plaintiffs for the posting of a stay bond.
The trial court denied petitioner Pearl's application for waiver of the stay bond. We cannot say that, based on the above facts, the trial court *Page 684 
abused its discretion merely because Pearl alone may have been indigent.
Petitioner Pearl relies primarily upon Conover v. Hall,11 Cal.3d 842 [114 Cal.Rptr. 642, 523 P.2d 682], as authority for the proposition that a court is required to waive the posting of a bond or undertaking upon a showing of indigency. Such reliance is misplaced. Conover v. Hall does not so hold that the court is required to waive such posting or bond or undertaking. Rather the Supreme Court left the decision tt waive a bond within the discretion of the trial court. At most, Conover v. Hall
simply holds that trial courts have common law authority to dispense with such undertakings under appropriate circumstances. As indicated by the facts recited above such a showing was not made here. Petitioner Pearl made no showing that he cannot obtain a stay bond. He has not even made a showing that he made any attempt to obtain a bond. Under such circumstances it cannot be said that as a matter of law the trial court abused its discretion in denying petitioner Pearl's application for a waiver of the stay bond. (Fuller v. State of California,1 Cal.App.3d 664 [82 Cal.Rptr. 78].)
Pearl's indigency is truly irrelevant. The bond requirement was but for one undertaking of $50,000. There was no order that several bonds or undertakings be posted by the several plaintiffs of the one petition. How that one bond or undertaking was or is to be financed was not the court's concern but the concern of the plaintiffs among themselves. There was no evidence that the group of plaintiffs or any individual thereof other than Pearl could not purchase a bond or file an undertaking. It needs little if any discussion to demonstrate how wrong it would be to allow the tactic of splintering away one indigent from a group of plaintiffs and permitting him to stop the real parties' home building — with no risk to the indigent or to the other plaintiffs to compensate the real parties for the damages and losses likely to occur.
Pearl's tactic was partially successful in that it persuaded the trial court to engage in an unnecessary hearing relative to Pearl's indigency. This proved only that Pearl was at that moment indigent. There was no evidence that the entire group of plaintiffs including Pearl who joined in bringing the single action could not file the necessary undertaking or purchase a bond therefor nor did it establish that Pearl and his coplaintiffs were unable to agree as to what should be Pearl's share of the cost and how he should pay his partners in litigation for his share of *Page 685 
the bond cost. It is obvious that if Pearl could achieve the stay of completing the homes being built by the real parties in interest without any bond there would be no need for the other plaintiffs to file a bond. The real parties would thus be without any protection against the damages which would be very likely if construction of their homes, some now partially built, were further delayed.
We have grave doubts that petitioners have done all possible to present a truthful picture of the case to either the trial court or to this court. The record reflects specious claims by plaintiffs. In their lawsuit plaintiffs contend the commission (1) violated the two-thirds vote requirement; (2) adopted standards without public hearing; (3) abused its discretion by issuing permits that had an adverse coastal effect. As to (1), the record indicates that most permits were issued unanimously and that the others were well over the two-thirds vote. On (2), no standards were involved but merely guidelines. On (3), abuse of discretion, we find no showing of abuse in plaintiffs' papers, thereby raising the serious question of whether any restraining order should have been issued. By such overbroad, unsubstantiated and specious claims, plaintiffs presented to the trial court the problem of urgency. If true these claims would demonstrate injury to the interests of plaintiffs, thus supporting the granting of a stay pending further hearing; if not true, there would be irreparable harm to the real parties in interest if no bond were furnished and the stay proved to be improvidently granted. Thus the need for a bond is shown. It was clearly within the discretion of the trial court to so condition the stay.
The petition for writ of mandamus is denied.
Fleming, Acting P.J., and Compton, J., concurred.
Petitions for a rehearing were denied August 30, 1977.
[1] Statutes 1976, chapter 1330. Our opinion applies equally to the similar sections under the 1976 act although now bearing section number 30000 et seq.
[2] Statutes 1976, chapter 1330. *Page 686