**ZENITH RADIO CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 80–5–00861.**

United States Court of International Trade.

July 6, 1981.

Frederick L. Ikenson, Washington, D. C., and Philip J. Curtis, Glenview, Ill., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C. (David M. Cohen, Director, Commercial Litigation Branch, New York City, on the brief), for defendant.

### Memorandum and Order

MALETZ, Judge:

This is a motion by defendant to require plaintiff to post security pursuant to rule 65(c) of this court.[1]

The background is this. On March 10, 1971, the Secretary of the Treasury issued a finding of dumping of television sets from Japan, thereby making such sets subject to antidumping duties. T.D. 71–76, 36 F.R. 4597 (1971). From the date of this finding through 1979 most of these duties were not collected, and on April 28, 1980, the Secretary of Commerce settled for $77 million all Government claims for antidumping duties arising from entries of the sets from July 1, 1973 to March 31, 1979. Plaintiff, a domestic manufacturer of television sets, then brought this action challenging the lawfulness of the settlement. On December 9, 1980, the court concluded that plaintiff had "made out a substantial case on the merits . . . that Government officials in negotiating and executing the settlement agreements acted arbitrarily and in bad faith" and preliminarily enjoined implementation of the settlement. *Zenith Radio Corp. v. United States*, 1 CIT ——, 505 F.Supp. 216, 219 (1980).

It is not disputed that the injunction here delays, at least temporarily, the Government's receipt and use of $77 million in antidumping duties. On this basis, defendant has requested that bond be set at $11.5 million, an amount equivalent to 15 percent interest, for one year, on $77 million. Plaintiff, on the other hand, argues that bond is not required because the injunction was issued in aid of the court's jurisdiction and the litigation is in the public interest.[2]

■■■ It is established that 28 U.S.C. § 1651—the All Writs Act—authorizes federal courts to issue injunctions needed to prevent a controversy from becoming moot in order to preserve their jurisdiction over a case. As the Supreme Court has stated, federal courts possess "judicial power to preserve . . . jurisdiction or maintain the *status quo* by injunction pending review of an agency's action." *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604, 86 S.Ct. 1738, 1742, 16 L.Ed.2d 802 (1966). Thus this power may be appropriately exercised where "an administrative agency has committed errors

---

1. Rule 65(c) of this court which is identical to rule 65(c) of the Federal Rules of Civil Procedure provides to the extent relevant:

   No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. . . .

2. It is to be noted that although the settlement has been enjoined by this court since December 9, 1980, defendant first moved for the posting of security on June 9, 1981. In addition, this same settlement has also been enjoined by the Court of Appeals for the District of Columbia since May 8, 1980. See *COMPACT v. Miller*, C.A.D.C. No. 79–1948. Defendant has made no motion for security in that court.

of law ... [but] judicial review would be an idle ceremony if the situation were irreparably changed before the [judicial] correction could be made." *Scripps-Howard Radio, Inc. v. F.C.C.*, 316 U.S. 4, 10, 62 S.Ct. 875, 880, 86 L.Ed. 1229 (1942). See also *United States v. Western Pa. Sand & Gravel Ass'n*, 114 F.Supp. 158 (W.D.Pa.1953). And where a federal court issues a preliminary injunction in aid of and in preservation of its jurisdiction, no security need be required pursuant to rule 65(c). See, e. g., *Magidson v. Duggan*, 180 F.2d 473, 479 (8th Cir. 1950), *cert. denied*, 339 U.S. 965, 70 S.Ct. 1000, 94 L.Ed. 1374 (1950); *Doyne v. Saettele*, 112 F.2d 155, 162 (8th Cir. 1940); *Guaranty Trust Co. v. Broadway & Seventh Ave. R. Co.*, 43 F.2d 130 (S.D.N.Y.1930); *Bivens v. Board of Public Education*, 284 F.Supp. 888, 899 (M.D.Ga.1967).

▮ Here, in determining that a preliminary injunction should issue, this court concluded that in the absence of such relief "plaintiff stands to be irreparably injured ... [by losing] its right to judicial review." *Zenith Radio Corp., supra*, 505 F.Supp. at 219–20. Further, this court emphasized that "the mooting of this controversy, which is what would result in the absence of an injunction, would constitute a disservice to the public interest." *Id.* at 220. A similar situation existed in *Powelton Civic Home Own. Ass'n v. Dept. of H.U.D.*, 284 F.Supp. 809 (E.D.Pa.1968), where the court "granted the preliminary injunction because disbursement of ... [certain] funds would have rendered the controverted issues moot." *Id.* at 839. In that case, the court denied a motion for $20 million in security, stating that "F.R.Civ.P. 65(c) is not applicable when the preliminary injunction has been issued in order to preserve the court's ... jurisdiction." *Id.* at 839. In this case, the preliminary injunction serves the same purpose and security is therefore not required. *City of Hartford v. Hills*, 408 F.Supp. 879, 887 (D.Conn.1975); *Grenchik v. Mandel*, 373 F.Supp. 1298, 1302 (D.Md.1973).

▮ But even if this injunction were not in aid of the court's jurisdiction, the court still has discretion as to the amount of security to require of plaintiff. See, e. g., *Stockslager v. Carroll Elec. Cooperative Corp.*, 528 F.2d 949, 951 (8th Cir. 1976); *Continental Oil Company v. Frontier Refining Company*, 338 F.2d 780, 782 (10th Cir. 1964); *Ferguson v. Tabah*, 288 F.2d 665, 675 (2d Cir. 1961). And it is within the court's discretion to set the amount of security at a level below the actual potential costs and damages to defendant, *Bass v. Richardson*, 338 F.Supp. 478, 491 (S.D.N.Y.1971), or even at a nominal level. *West Virginia Highlands Conserv. v. Island Creek Coal Co.*, 441 F.2d 232, 236 (4th Cir. 1971); *Natural Resources Defense Council, Inc. v. Morton*, 337 F.Supp. 167 (D.C.D.C.1971), *aff'd on other grounds*, 458 F.2d 827 (D.C.Cir.1972). Indeed, in *Urbain v. Knapp Brothers Manufacturing Company*, 217 F.2d 810, 815–16 (6th Cir. 1954), *cert. denied*, 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260 (1955), it was recognized that since the amount of security to be required is within the discretion of the court, the question of whether or not to require any security in the first instance is also within the court's discretion. See also *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978); *International Control Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974). Thus, "it is not uncommon in public interest actions ... to require only nominal security under Rule 65(c)." *State of Ala. ex rel. Baxley v. Corps of Engineers*, 411 F.Supp. 1261, 1275 (N.D. Ala.1976). See also *Powelton Civil Home Own. Ass'n v. Dept. of H.U.D., supra*, at 840–41; *Bass v. Richardson, supra*, at 491; *Natural Resources Defense Council, Inc. v. Morton, supra*, at 169.

As was stated in *State of Ala. ex rel. Baxley v. Corps of Engineers, supra*, at 1276:

This court is simply unwilling to close the courthouse door in public interest litigation by imposing a burdensome security requirement on plaintiffs who otherwise have standing to review [the challenged] government action. . . . Accord-

ingly, the injunction to be issued will be conditioned upon the giving of security in the amount of one dollar.

Similarly, in *City of Atlanta v. Metropolitan Atlanta Rapid Transit*, 636 F.2d 1084, 1094 (5th Cir. 1981), the court stated that:

> [The] parties were seeking to protect citizens in the Atlanta area from perceived adverse economic and social consequences. In a real sense, therefore, plaintiffs were engaged in public interest litigation, an area in which the courts have recognized an exception to the Rule 65 security requirement.

Similar considerations are applicable here since plaintiff alleges that defendant failed to enforce the antidumping laws to the detriment of an entire industry. Admittedly, plaintiff is not a "public interest" organization or an indigent party. Nor does plaintiff represent other United States television manufacturers. Yet should plaintiff prevail upon the merits the result would benefit not just plaintiff but other United States manufacturers as well. *Zenith Radio Corp.* at 219. From a broader standpoint, the antidumping laws are designed to protect American industry from unfair competition. Necessarily, the public has an interest in the faithful enforcement of those laws. *Zenith Radio Corp.* at 220.

Moreover, prohibitive security should not be required here because Congress intended that the Government's administration of the antidumping laws should be subject to judicial review initiated by domestic manufacturers. See *Zenith Radio Corp.* at 219. A like consideration was recognized in *Natural Resources Defense Council, Inc. v. Morton, supra,* 337 F.Supp. at 168–69, where the court observed:

> Congress has indicated that private environmental organizations should assist in enforcing NEPA.... The requirement of more than a nominal amount as security would stifle the intent of the Act....

See also *Wisconsin Heritages, Inc. v. Harris*, 476 F.Supp. 300, 302 (E.D.Wis.1979); *Bass v. Richardson, supra,* at 491.

Here, a requirement of $11.5 million in security would not only constitute a severe burden upon plaintiff's efforts to litigate the lawfulness of the challenged settlement, it might indeed force plaintiff out of court.

Given all the circumstances here, the court is of the view that pursuant to rule 65(c), security in the amount of $250,000 should be required. The court therefore orders that within ten days from the date of this order plaintiff shall post security or bond in the amount of $250,000 to indemnify the defendant should it ultimately be determined that the defendant was wrongfully enjoined or restrained by the preliminary injunction issued by this court on December 9, 1980.