NSK LTD. and NSK Corporation, Plaintiffs,

v.

UNITED STATES and the United States Department of Commerce, Defendants,

and

The Timken Company, Defendant–Intervenor.

Court No. 90–06–00309.

United States Court of International Trade.

Nov. 20, 1991.

Donohue and Donohue, Joseph F. Donohue, Jr. and Kathleen C. Inguaggiato, New York City, for plaintiffs NSK LTD. and NSK Corp.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis (Joan Mackenzie, Attorney–Advisor, Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., of counsel), for defendants.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and John M. Breen, Washington, D.C., for defendant-intervenor.

## MEMORANDUM OPINION AND ORDER

TSOUCALAS, Judge:

Defendant-intervenor moves the Court for reconsideration of its Order, dated October 3, 1990, denying defendant-intervenor's motion to establish a security requirement under the preliminary injunction involved in this action. The Court finds there is no new evidence warranting a departure from its original decision.

### Background

This action was originated by NSK LTD. and NSK CORPORATION, importers of Japanese tapered roller bearings ("TRBs"), to challenge the final results of the United States Department of Commerce's ("Commerce") administrative review of the dumping order encompassing their entries from April 1, 1974 to July 31, 1980. *Tapered Roller Bearings Four Inches or Less in Outside Diameter From Japan; Final Results of Antidumping Duty Administrative Review* 55 Fed.Reg. 22,369. To maintain the status quo, plaintiff petitioned the Court to preliminarily enjoin liquidation of the subject entries during the pendency of this litigation. Commerce consented to the issuance of a preliminary injunction and the Court so granted, by Order issued August 13, 1990.

The Timken Company ("Timken") was granted intervenor status on September 7, 1990 and immediately filed a motion requesting the Court to require security from the plaintiffs, pursuant to Rule 65(c) of this Court's rules.[1] The Court denied that motion on October 3, 1990, because it did not perceive further need for security in relation to this case.[2]

Timken now moves the Court for reconsideration of the October 3, 1990, Order on grounds that pertinent additional evidence, unaccessible when the first application was

---

1. Rule 65(c) of the Rules of the Court of International Trade provides:

   No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof. The provisions of Rule 65.1 apply to a surety upon a bond or undertaking under this rule.

2. Commerce advised the Court that the affected entries had been subject to a bond requirement upon entry of the merchandise. In addition, plaintiffs have secured a general term bond which would cover both customs duties as well as antidumping duties. *Opposition of the Defendants to the Motion of The Timken Company to Establish Security Pursuant to Rule 65(C)* at 3, n. 3.

made, just recently has become available. The information to which defendant-intervenor refers are the actual dumping estimates contained in the confidential administrative record which now has been filed with the Court.

Defendants still maintain, and plaintiffs agree, that there is no necessity for increased security, as there is no indication either that the preliminary injunction was issued improvidently or, that plaintiffs would not pay any potential amounts eventually found to be owed. Plaintiffs also maintain that, under the law of the case doctrine, the Court should not consider this second application for security.

■ The Court does not agree with plaintiffs' proposition that the law of the case doctrine precludes it from considering a subsequent motion for establishing security, particularly if a change of circumstances merits a modification of the conditions upon which the injunction issued. There is a plethora of caselaw confirming that the terms of injunctive relief can and should be amended to reflect the existing situation. *E.g., United States v. Swift & Co.,* 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1931); *Movie Sys., Inc. v. Mad Minneapolis Audio Distribs.,* 717 F.2d 427, 430 (8th Cir.1983); *Humble Oil & Refining Co. v. American Oil Co.,* 405 F.2d 803, 813 (8th Cir.) *cert. denied,* 395 U.S. 905, 89 S.Ct. 1745, 23 L.Ed.2d 218 (1969). Hence, it would be improper to dismiss defendant-intervenor's motion out of hand.

■ Bearing this in mind, the Court thus turns to defendant-intervenor's renewed application for security. In the first instance, as this court has interpreted it, Rule 65(c) "merely provides that as a condition precedent to the issuance of a restraining order or preliminary injunction security shall first be given to protect the enjoined party." *The Timken Co. v. United States,* 6 CIT 76, 83, 569 F.Supp. 65, 71 (1983).

In the instant case, the Court found the entry bonds secured by the importers to be suitable guarantee against injury to the enjoined party. Certainly, the fact that the enjoined party steadfastly opposes the motion for security, is strong evidence that the "protection" requirement set forth in Rule 65(c) has been fully satisfied. In addition, the Court, upon reconsideration, again can find no indication that the bonds outstanding in connection with the subject entries constitute insufficient security against any potential liability by plaintiffs.

Moreover, our court has previously recognized that since the amount of security to be required is within the discretion of the court, the question of whether or not to require any security in the first instance is also within the court's discretion. *See Zenith Radio Corp. v. United States,* 2 CIT 8, 10, 518 F.Supp. 1347, 1349 (1981) (citations omitted).

■ Finally, and perhaps most compelling, it is a broadly accepted principle that where a federal court issues a preliminary injunction in aid of, or to preserve its jurisdiction, the security requirement embodied in Rule 65(c) is inapplicable. *Zenith Radio Corp.,* 2 CIT at 9, 518 F.Supp. at 1349. Indeed, our Supreme Court has unequivocally stated that federal courts possess judicial power to "maintain the *status quo* by injunction pending review of an agency's action." *FTC v. Dean Foods Co,* 384 U.S. 597, 604, 86 S.Ct. 1738, 1742, 16 L.Ed.2d 802 (1965) (emphasis in original). This is particularly true in an action of this type, where if the Court were not able to preserve a dispute, the right to judicial review of agency action would be rendered meaningless.

### Conclusion

The Court, having duly considered defendant-intervenor's renewed motion for the establishment of security pursuant to Rule 65(c), finds that there is no reason to amend the terms of the preliminary injunction currently in place. Hence, the Court's Order of October 3, 1990, is hereby affirmed.